UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOAH MICHAEL MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-02242-JPH-TAB ) |
| MICHAEL W. REED, DANIEL HAMPTON, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Plaintiff, Noah Miller, is an inmate at New Castle Correctional Facility. He brings this 42 U.S.C. § 1983 action against Judge Michael Reed and Prosecuting Attorney Daniel Hampton. Dkt. 1. Mr. Miller's motion for leave to proceed *in forma pauperis*, dkt. [2], is **GRANTED**, his complaint is dismissed, and he shall have **through October 1, 2021**, in which to pay an initial partial filing fee and file an amended complaint.

**I.
Motion for Leave to Proceed *in Forma Pauperis***

Mr. Miller's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that he is assessed an initial partial filing fee of Sixteen Dollars and Seventy-Six Cents ($16.76). *See* 28 U.S.C. § 1915(b)(1). Mr. Miller shall have **through October 1, 2021**, in which to pay this sum to the clerk of the district court.

Mr. Miller is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's

1

income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Miller and his custodian.

## II.
## Screening and Dismissing the Complaint

### A. Screening Standard

Because Mr. Miller is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

### B. Discussion

Mr. Miller brings this § 1983 action against Kosciusko Circuit Court Judge Michael Reed and Prosecuting Attorney Daniel Hampton alleging violations of his Fifth, Sixth, and Fourteenth Amendment rights. Dkt. 1.

Although Mr. Miller names Judge Reed and Mr. Hampton as defendants, he does not make any factual allegations against them. And while Mr. Miller asks the Court to refer to documents attached to his complaint, these attachments are state court documents that do not set forth any factual allegations. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotes omitted). Because Mr. Miller has made no factual allegations against Judge Reed or Mr. Hampton, all claims against them are **dismissed for failure to state a claim upon which relief can be granted**.

### C. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action. Instead, Mr. Miller shall have **through October 1, 2021**, to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

Any amended complaint should have the case number, No. 1:21-cv-2242-JPH-TAB, and the words "Amended Complaint" on the first page. The

amended complaint will completely replace the original. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Miller wishes to pursue in this action. The amended complaint will be screened pursuant to 28 U.S.C. 1915(A)(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

## III.
## Conclusion

Mr. Miller's complaint is **dismissed** for failure to state a claim upon which relief can be granted. He shall have **through October 1, 2021**, to file an amended complaint. Failure to act by this date may result in dismissal of this action without further notice.

The **clerk is directed** to send Mr. Miller a copy of the Complaint Form with his copy of this order.

**SO ORDERED.**

Date: 9/2/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NOAH MICHAEL MILLER
281583
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362